UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL REEVES,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; POLICE OFFICER DEJESUS ROMAN, individually and in his official capacity; SERGEANT RAMLOCHAN NARIN, individually and in his official capacity; CAD MONEGRO, individually and in his official capacity; and JOHN/JANE DOES 1–10,<br><br>Defendants. | 26-CV-7266 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging New York City Police Department ("NYPD") personnel in Brooklyn, New York, retaliated against Plaintiff for exercising his rights under the First Amendment. Named as Defendants are the City of New York, NYPD Police Officer DeJesus Roman, NYPD Sergeant Ramlochan Narin, CAD[1] Monegro, and ten unidentified NYPD personnel. Plaintiff does not allege the addresses for the Defendants but asserts that Defendants acted through the NYPD's 90th Precinct in Brooklyn, New York. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

[1] Plaintiff does not define "CAD" in his complaint; the Court presumes that CAD is an acronym of a job title within the NYPD.

> occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants minimized and omitted certain facts from Plaintiff's complaint to the NYPD regarding a March 3, 2025 incident at 217 Boerum Street, Brooklyn, New York. Plaintiff asserts that on that date, a stranger shoved and cornered Plaintiff against the wall of a hallway in the residential building. (ECF 1 at 2-3, 14-18.) Plaintiff alleges that he reported the incident to the NYPD, indicating that he feared for his safety or life and was willing to prosecute. (*Id.*) Plaintiff further alleges that Defendants downgraded the incident to harassment by omitting Plaintiff's allegation that the perpetrator intentionally prevented Plaintiff from leaving in retaliation for Plaintiff's lawsuit, *Reeves v. City of New York*, No. 24-CV-2408 (E.D.N.Y.). (ECF 1 at 3-5, 18-22.) Plaintiff's case was closed without an arrest. (*Id.* at 13.) Plaintiff alleges that he later sought to adjust his immigration status by seeking a U-visa (*id.* at 3, 23) and asked the Kings County District Attorney's Office to certify information concerning the March 3, 2025 incident as part of his U-visa application (*id.* at 24). The Kings County District Attorney's Office did not provide the requested certification and informed Plaintiff that the NYPD complaint of the incident did not support Plaintiff's application because violations like harassment did not qualify. (*Id.*) Plaintiff then followed up with the NYPD, asking for the NYPD complaint to be updated to include Plaintiff's allegation of being confined, and reported the issue to NYPD's Internal Affairs Bureau. (*Id.* at 27–37.)

The Court finds that venue in this district appears not to be proper under Section 1391(b)(1) because Plaintiff does not plead the residence of any defendant. Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or the Eastern District of New York. Even if the Court were to assume that Defendants reside in this district and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Brooklyn, New York, venue also would be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, New York, the individual defendants work in Brooklyn, New York, and it is reasonable to expect that all relevant documents and witnesses, for example, that of the Kings County District Attorney's Office, also would be found in Brooklyn, New York.

The Eastern District of New York thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## WARNING

Plaintiff has filed over a dozen actions in this Court; of those actions, five were transferred to the Eastern District of New York under 28 U.S.C. 1404(a) because the underlying events occurred in Brooklyn, New York.[2] *See Reeves v. N.Y. City Housing Authority*, No. 23-CV-3820 (LTS) (S.D.N.Y. May 9, 2023); *Reeves v. City of New York*, No. 24-CV-2018 (LTS) (S.D.N.Y. Mar. 22, 2024); *Reeves v. Bondi*, No. 25-CV-3403 (LTS) (S.D.N.Y. May 14, 2025); *Reeves v. U.S. Dep't of Just.*, No. 25-CV-3405 (LTS) (S.D.N.Y. May 16, 2025); *Reeves v. United States*, No. 26-CV-6135 (LTS) (S.D.N.Y. Jul. 31, 2026). Based on this litigation history, Plaintiff was on notice that the Eastern District of New York was the proper venue for this action.[3]

---

[2] Plaintiff voluntarily withdrew his action, *Reeves v. City of New York*, No. 26-CV-0548 (LTS) (S.D.N.Y. filed Jan. 21, 2026). Before withdrawing the action, Plaintiff had pleaded that "[v]enue is proper in the Eastern District of New York . . . because the events giving rise to the claims occurred in Brooklyn, New York." (*Id.*, ECF 1 at 2.)

[3] Indeed, Plaintiff himself "acknowledges that substantial underlying events . . . occurred in Brooklyn, New York, within the Eastern District of New York." (ECF 1 at 5.) Plaintiff also appears to have been on notice that this Court is unlikely to be a proper venue for this action:

> **Yes. If this new action is being filed in the Southern District of New York, we should not allege that venue exists merely because the 90th Precinct conduct occurred in Brooklyn. We need to ground SDNY venue in the overall retaliatory course of conduct and the substantial events occurring in Manhattan.**

(*Id.* at 4–5, emphasis in original.) Accordingly, Plaintiff offers his "New York residence in Manhattan," and "a broader retaliatory course of governmental conduct involving his prior

The Court accordingly warns Plaintiff that if he continues to file actions in this Court based on events or omissions that occurred outside of the Southern District of New York, those actions will be dismissed under 28 U.S.C. § 1406 and Plaintiff will be ordered to show cause why he should not be barred from filing future civil actions in this court, without prepayment of the filing fees, before first obtaining the Court's permission to file under 28 U.S.C. § 1651.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from the Southern District of New York. This order closes this case.

The Court warns Plaintiff that if he continues filing actions in this Court that are based on events or omissions that occurred outside of the Southern District of New York, those actions will be dismissed under 28 U.S.C. § 1406 and Plaintiff will be ordered under 28 U.S.C. § 1651 to show cause why he should not be barred from filing future civil actions in this court, without prepayment of the filing fees, before first obtaining the Court's permission to file.

---

NYPD encounters, his Manhattan . . . activities" to assert that the Southern District is a proper venue. (*Id.* at 5–6.) These grounds do not outweigh the factors that favor transfer to the Eastern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 29, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge